# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYSHAUN JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-18-1118-R |
| | ) | |
| WORKS & LETNZ, INC., | ) | |
| PROFESSIONAL FINANCE CO., | ) | |
| and ACCOUNT MANAGEMENT | ) | |
| RESOURCES d/b/a CREDIT | ) | |
| COLLECTION INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 11) filed by Defendant Professional Finance Company pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition to the motion (Doc. No. 22). Having considered the parties' submissions, the Court finds as follows.

A complaint may be dismissed upon a motion for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Dismissal is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a

claim to relief that is plausible on its face.'" *MacArthur v. San Juan County,* 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Twombly,* 550 U.S. at 550); *see Iqbal,* 556 U.S. at 676–80. The plaintiff cannot merely give "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Conclusory allegations are not entitled to the court's presumption; rather the plaintiff must plead facts that at least make the claims plausible and raise the "right of relief above the speculative level." *Id.* at 555.

In the Complaint, Plaintiff alleges two claims against Professional Finance Company; one under the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(8), and one under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b)(1)(D). In the instant motion Defendant seeks dismissal of both claims. Plaintiff's response, however, addresses only his claim under the FDCPA. *See e.g.* Plaintiff's Response, Doc. No. 22 ("Plaintiff sued Defendant for violation of the Fair Debt Collection Act (FDCPA), 15 U.S.C. § 1692 *et seq*."). The Court hereby concludes that Plaintiff has abandoned his FCRA claim by failing to address the issue in his response to Defendant's motion to dismiss. *See Verlo v. Martinez,* 820 F.3d 1113, 1127 (10th Cir. 2016) ("A party's offhand reference to an issue in a footnote, without citation to legal authority or reasoned argument, is insufficient to present the issue for our consideration."); *see also See United States v. Porter,* 405 F.3d 1136, 1141-42 (10th Cir. 2005) ("We do not consider issues not presented to the district court, and they are deemed waived."). Accordingly, the motion to dismiss is granted as to "IX. Second Claim for Relief" against Professional

2

Finance Company under 15 U.S.C. § 1681s-2(b)(1)(D).[1]

In support of his FDCPA claim, Plaintiff alleges that on or about December 8, 2017, he applied for and was denied a mortgage loan. Thereafter he obtained a copy of his credit report and "noticed incomplete, inaccurate and false information." Doc. 1 ¶ 20. Plaintiff does not specifically identify the alleged shortcomings in the information, other than to state that he observed a trade line for Defendant Professional Finance Co., Inc, indicating that he owed $382.00 to Alliancehealth Deaconess, which is "false and unverifiable without any supporting account level documentation." *Id.* at ¶¶ 22-23. Plaintiff mailed a letter to Equifax, a credit reporting agency, that same day to dispute the debt furnished by Defendant Professional Finance Company. *Id.* at ¶ 24. He alleges upon information and belief that Equifax notified Defendant of the dispute so as to permit Defendant to investigate the matter and that Defendant "conducted an unreasonable investigation or no investigation at all into the information that Plaintiff disputed with Equifax." *Id.* at ¶¶ 26-27. Plaintiff alleges he obtained an updated credit report from Equifax on January 10, 2018, which indicated that Defendant had verified the account without noting Plaintiff's dispute thereof. Defendant argues that, even accepting as true Plaintiff's allegation that Defendant did not report Plaintiff's dispute of the trade line to Equifax, her Complaint fails to state a claim, because Equifax, having sent the dispute to Defendant, was clearly aware of it. Defendant further argues that, because Plaintiff did not dispute the debt until after

---

[1] Plaintiff pleads two counts each against three defendants and labeled the claims relative to each Defendant. As a result, the Complaint contains three "First Claim[s] for Relief" and three "Second Claim[s] for Relief."

Professional Finance Co. submitted it to the credit reporting agencies, including Equifax, it was under no obligation to note the dispute.

15 U.S.C. § 1692e(8), prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." The elements of a claim under 15 U.S.C. §§ 1692e require the plaintiff to show (1) that he is a consumer protected under the FDCPA; (2) that Defendant was a debt collector; (3) engaged in the collection of a debt; and (4) that the defendant used false, deceptive, or misleading representations in connection with the collection effort. *Vester v. Asset Acceptance LLC*, 2009 WL 2940218, at *4 (D. Colo. Sept. 9, 2009).

In support of its Motion to Dismiss Defendant relies on cases wherein the court indicated that in responding to a dispute tendered to a debt collector by a credit reporting agency, the debt collector does not need to advise the credit reporting agency that the trade line is disputed, because the dispute is inherent in the initial communication from the credit reporting agency to the debt collector. In short, that the communication could not be false and misleading as to the recipient, the credit reporting agency. Defendant additionally argues that the act of verifying information to a credit reporting agency is not a communication in connection with a collection effort. Plaintiff responds by arguing that the notification from the debt collector to the credit reporting agency is for purposes of third parties who rely on the information contained in credit reports in assessing creditworthiness.

The Court finds that Plaintiff has failed to state a claim under 15 U.S.C. § 1692e(8), even accepting as true all of his allegations. As stated under very similar facts by the court in *Fulton v. Equifax Information Services, LLC*, 2016 WL 5661588 (E.D.Mi September. 30, 2016):

> As several other courts have found in nearly identical situations, the fact that Plaintiff's debt was disputed was inherent in Defendant's response to Equifax's automated dispute verification request. *Schwantes v. Monco Law Offices, SC,* 2014 WL 4163024, *2 (D. Minn. August 21, 2014);*Surinta v. Credit Control Servs., Inc.*, 2014 WL 538675, at *2 (D. Minn. Feb. 11, 2014); *Neeley v. Express Recovery Servs.*, 2012 WL 1641198, at *2 (D. Utah May 9, 2012). "[T]he sole reason for Defendant to even communicate with the credit bureau[ ] was in response to Plaintiff's dispute of the debt[ ] through the credit bureau's own dispute notification system." *Neeley*, 2012 WL 1641198, at *2. Because Defendant's October 6 communication "was a required response in a dialogue premised on mutual knowledge of Plaintiff's dispute of the debt, it cannot accurately be described as 'false, deceptive, or misleading' merely because it lacked express reiteration that a dispute existed." *Surinta*, 2014 WL 538675, at *2. In short, "[s]ince Equifax already knew of the dispute, [Plaintiff] could not have 'misled' Equifax, and therefore [Plaintiff's] response to Equifax could not have been 'deceptive or misleading.'" *Schwantes*, 2014 WL 4163024, at *2.

*Id.* at *3. Defendant relies in part on a case from the Eighth Circuit with similar facts and a similar result. In *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 914 (8th Cir. 2014), the court affirmed the granting of a motion for judgment on the pleadings in a case alleging that a debt collector violated § 1692e(8) by failing to respond to a credit reporting agency's dispute inquiry with an indication that the debt was disputed.

The facts in *McIvor* are similar to those presented herein. McIvor notified Trans Union, a credit reporting agency, of her disputing of a debt listed by Credit Control. Trans Union in turn notified the debt collector, which verified the debt. In its verification Credit Control did not note that the debt was disputed. The district court found that the

5

communication by the debt collector did not fall within the parameters of § 1692e(8), because the communication was part of the debt verification process under the Fair Credit Reporting Act, it was not an attempt to collect a debt. *McIvor v. Credit Control Services, Inc.*, 987 F.Supp.2d 968, 971 (D. Minn. 2013). The court further found that the debt collector's communication could not be interpreted as false or misleading, because the credit reporting agency already knew the debt was in dispute. *Id*.

> While liability under § 1692e is not confined to statements by collectors to consumers, the challenged statement must have the potential to "misl[ea]d, deceive[ ], or otherwise dupe[ ]" someone in order to be actionable. *Hemmingsen*, 674 F.3d at 818–19. The facts alleged in the complaint do not support a claim that TransUnion could have been misled, deceived, or duped when Credit Control did not explicitly state that the debt was disputed. TransUnion was already aware that the debt was disputed because "the sole reason for Defendant to even communicate with the credit bureau [ ] was in response to Plaintiff's dispute of the debts through the credit bureau's own dispute notification system." *Neeley v. Express Recovery Servs.*, 2012 WL 1641198 at *2 (D.Utah 2012). Under these circumstances, the district court correctly concluded McIvor did not plausibly allege that Credit Control's communication was "false, deceptive, or misleading."

*McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 913–14 (8th Cir. 2014).

In response to Defendant's motion, Plaintiff notes that although Equifax was aware of the dispute, marking the trade line as disputed is necessary so that third parties are aware of the disputed nature of the item. Plaintiff cites to no law in support of this proposition. Plaintiff also relies on *Irvine v. I.C. System, Inc.*, 176 F. Supp. 3d 1054 (D. Colo. Mar. 31, 2016), in hopes of avoiding dismissal. In *Irvine*, the court distinguished *McIvor* in granting summary judgment to the Plaintiff. However, the case presented the court with very different facts than either *McIvor* or this action. There, following a telephone conversation between the debt collector and plaintiff Irvine, during which the debt collector made false

6

statements and plaintiff disputed the debt, the debt collector updated the credit reporting agencies on at least two different occasions, never noting that the plaintiff disputed the debt.

> The instant case involves a debt collector who, in the process of updating information regarding plaintiff's account, updated only some of the information—plaintiff's address—without updating the information regarding the fact that the debt was disputed. The Court does not interpret *Llewellyn* to permit a debt collector to update other account information without also updating "a piece of information that is always material, namely, that the consumer has disputed a particular debt." *See* [*Llewellyn v. Allstate Home Loans, Inc.*,] 711 F.3d [1173,] 1189 [(10th Cir. 2013)(quoting *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 418 (8th Cir.2008)).

*Irvine v. I.C. Sys., Inc.*, 176 F. Supp. 3d 1054, 1063 (D. Colo. 2016).[2] *Irvine* is not directly implicated in this case because plaintiff Irvine directed his complaints to the defendant debt collector which made reports of other information to the credit reporting agency without disclosing the dispute. Thus, the credit reporting agencies lacked the inherent knowledge they obtain where, as here, the debtor first raises the dispute with the credit reporting agency. Accordingly, *Irvine* is of limited utility here.

---

[2] In *Llewellyn* the court addressed the one-year statute of limitations period of the FDCPA. In assessing whether the debt collector undertook any action in violation of the Act within one year of filing, the court considered Plaintiff's argument that the debt collector failed to reverse negative credit reports, despite knowing the reports were erroneous. There, unlike here, the debtor-plaintiff disputed the debt directly with the debt collector, which had not reported the debt to the credit reporting agencies; the original creditor had made that report. 711 F.3d at 1176. Plaintiff argued that the defendant debt collector was obligated under § 1692e(8) to inform the credit reporting agencies that he disputed the debt. The court, relying on the Eighth Circuit's holding in *Wilhelm v Credico*, 519 F.3d 416 (8th Cir. 2008), concluded that the portion of § 1692e(8) imposing liability for failing to communicate that a debt is disputed, "is rooted in the basic fraud law principle that, if a debt collector *elects* to communicate "credit information" about a consumer, it must not omit a piece of information that is always material, namely that the consumer has disputed a particular debt." *Llewellyn*, 713 F.3d at 1189 (quoting *Wilhelm*, 519 F.3d at 418). Because the debt collector defendant had never reported the debt to a credit reporting agency, it had no § 1692e(8) liability. "Notably, the Federal Trade Commission comments indicate § 1692e(8) does not impose such an obligation even on a debt collector who had reported to a CRA and subsequently learned the debt was disputed: 'When a debt collector learns of a dispute after reporting the debt to a credit bureau, the dispute need not also be reported.'" *Id.* at 1189 (quoting Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097–02, 50106 (Dec. 13, 1988)).

The undersigned concurs with Defendant's position. First, Defendant's response to the dispute from Equifax was not an effort to collect a debt. Although reporting the debt to Equifax originally, that is, before Plaintiff disputed the debt, constituted collection activity, responding to the credit reporting agency's transmission of the dispute was, as concluded by the court in *McIvor*, not such an attempt. Additionally, the Court finds that it would be unreasonable to conclude that the statement was material given that Defendant received its information regarding the disputed nature of the debt from the credit reporting agency. Plaintiff argues that third parties rely on the presence of the "disputed' notation in assessing his credit. The Complaint, however, is devoid of any allegations that Plaintiff was injured as a result of the failure to include a disputed notation, and he presents no legal authority in support of this proposition. Defendant herein acted in accordance with its obligations under the Fair Credit Reporting Act, which requires credit reporting agencies like Equifax to notify debt collectors like Defendant of a consumer's dispute. *See* 15 U.S.C. § 1681i(a)(2). Debt collectors must promptly respond to the credit reporting agency's dispute notification with information about the completeness or accuracy of the information provided by the consumer. 15 U.S.C. § 1681s–2(b). The communication about which Plaintiff complains took place within this framework moving this case away from the standard set forth in *Llewellyn*, and placing it in line with the Eighth Circuit's decision in *McIvor*. The Court therefore GRANTS Defendant's Motion to Dismiss.

IT IS SO ORDERED this 6th day of May 2019.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE